UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHN NICCUM,

        Petitioner,

v.                                     Case No. 1:18-cv-00004-WCG-TAB

STAN KNIGHT,

        Respondent.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

John Niccum, an inmate in the Indiana Department of Corrections (IDOC), petitions for the reversal of the disciplinary sanctions he received in IDOC proceeding number IYC 17-08-0130 pursuant to 28 U.S.C. § 2254. Niccum was found guilty of assault and battery while he was incarcerated at the Plainfield Correctional Facility. His petition, for the reasons explained below, is denied.

**I. Overview**

Indiana prisoners may not be deprived of credit time, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001), without some due process of the law. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). These due process protections include: 1) advanced written notice of the charges; 2) an opportunity to call witnesses and present documentary evidence in his defense; 3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action; and 4) a disciplinary decision that is supported by "some evidence." *Id.* (citing *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974)); *see also Piggie v. Cotton*, 344 F.3d 674 (7th Cir. 2003).

## II. The Disciplinary Proceeding

On July 10, 2017, Niccum was charged, in a conduct report written by Investigator C. Feldkamp, with "Class A" offense "conspiracy to commit assault and battery causing serious damage (111A/102A)." ECF No. 10-2. Feldkamp investigated an altercation that Niccum participated in. *Id*. Feldkamp reported that, after the altercation, Niccum had injuries on his person which were consistent with being in an altercation. *Id*. He also reported that Niccum was uncooperative with investigators and denied being in an altercation; rather, he asserted that he attained the injuries from a fall. *Id*. A confidential incident report attached to the conduct report indicated that, after Niccum was taken for medical treatment for his injuries, the remaining inmates on his unit were physically examined. ECF No. 12-1. During this examination, it was discovered that another inmate had marks visible and consistent with an assault. *Id*. During questioning, the other inmate stated he was involved in an altercation with Niccum due to Niccum owing him money and that Niccum may have hit the corner of the urinal during the altercation. *Id*.

On August 15, 2017, the prison served Niccum with a copy of his conduct report and a notice of disciplinary hearing (screening report). ECF No. 10-3. He pleaded not guilty and requested a lay advocate. *Id*. Though Niccum did not request any witnesses or physical evidence, he did ask for his medical records and to review the confidential report. *Id*.

At the August 20, 2017 disciplinary hearing, the hearing officer found Niccum guilty of the "Class B" offense "assault and battery (212B)." ECF No. 10-5. The officer found Niccum guilty of the "Class B" offense "assault and battery (212B)." *Id*. The officer based his decision on the staff report, Niccum's statement, the medical records, and the confidential report. *Id*. The hearing officer imposed sanctions of sixty (60) days loss of good time credit and a demotion of credit class from Class 1 to Class 2. *Id*.

Niccum appealed the disciplinary hearing. ECF No. 10-6. He argued that there was insufficient evidence to support guilt. *Id*. He also argued that he requested video tape evidence and was told it did not exist, despite another officer informing him that the investigator had reviewed the video during the investigation. *Id*.

Niccum's appeal was denied on September 5, 2017. The facility head found that the evidence and documentation supported the hearing officer's decision and sanctions. *Id*. Niccum appealed this decision. ECF No. 10-7. On November 30, 2017, the appeal review officer denied the appeal. *Id*. The officer found no procedural or due process error and found sufficient evidence supported the decision. *Id*.

On January 2, 2018, Niccum filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 2. On January 10, 2018, Respondent was ordered to show cause as to why relief should not be granted. ECF No. 6. On March 29, 2018, Respondent filed his return on the order to show cause, asking that the petition be denied. ECF No. 10. Although Niccum was given twenty-eight days to file a response to the return, he failed, even to this day, to do so.

### III. Analysis

Niccum alleges that his due process rights were violated because there was insufficient evidence, and because he was denied video evidence and the opportunity to call witnesses.

Turning first to his claim that he was denied the opportunity to call witnesses, this claim fails for at least three reasons. First, Niccum failed to exhaust his administrative remedies on this ground. Before a federal court may grant habeas relief, a prisoner must first exhaust his state remedies, which requires the inmate to give the state an opportunity to act on his claims before he presents them to a federal court in a habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28

3

U.S.C. § 2254(b)(1)(A). In order to exhaust his administrative remedies, a prisoner must have presented each claim he seeks to raise in his federal habeas petition at each level of the prison disciplinary appeals process. *Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002) (citing *O'Sullivan*, 526 U.S. at 838). Respondent argues that during his appeal, Niccum only raised claims of insufficient evidence and being denied video evidence. Respondent's argument is supported by Niccum's appellate documents, which only show arguments of insufficient evidence and denial of video evidence. *See* ECF Nos. 10-6, 10-7. By failing to respond, Niccum has offered no argument that he has exhausted this claim. Consequently, Niccum has procedurally defaulted on this ground and it is consequentially denied.

Even if Niccum had not procedurally defaulted on his claim that he was denied the opportunity to call witnesses, the claim would fail on the merits. There is no evidence that Niccum ever timely requested to call a witness. In the Notice of Disciplinary Hearing (Screening Report) that Niccum signed prior to the hearing, he checked the box stating that he did not wish to call any witnesses. ECF No. 10-3. Further, there is no indication that he requested witnesses before the day of the hearing, and any request thereafter would have been untimely. Finally, even now Niccum fails to identify any witness he would have called or indicate what that witness might have said that would have made any difference. Thus, even if Niccum had not procedurally defaulted this claim, it would still be denied.

Turning next to Niccum's argument that he was denied video evidence, a prisoner has a right to present documentary evidence in prison disciplinary proceedings, *Wolff*, 418 U.S. at 566, and prison officials are required to disclose material exculpatory evidence to the accused inmate. *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). However, during a prison disciplinary proceeding, a

4

prisoner is not entitled to the "full panoply of rights" to which defendants to criminal proceedings are entitled. *Wolff*, 418 U.S. at 556. Thus, although inmates are entitled to material exculpatory evidence, inmates are not entitled to evidence that could have been timely requested and was not. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("McPherson cannot now demand a new hearing based on evidence that was available to him prior to that hearing."); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (holding a request for witnesses that was not made until the day of the disciplinary hearing untimely).

Niccum argues that he asked for video evidence at the hearing and was told that there was not any evidence. ECF No. 2 at 2. But again, requesting evidence during the hearing is too late. There is no indication that Niccum requested this evidence before the disciplinary hearing. Instead, the Notice of Disciplinary Hearing reflects that Niccum requested only his medical records and the confidential report; he did not ask for other physical evidence. ECF No. 10-3. Because Niccum failed to file a reply, he has offered no evidence that he requested the video evidence at any point before the hearing. Consequently, Niccum's request for video evidence is untimely and he was not denied due process when such evidence was not provided. This claim therefore fails as well.

Lastly, Niccum argues that there is insufficient evidence to support a finding that he was guilty of assault and battery because he was the victim in the fight and incurred significant facial injuries. Because he alleges he was the victim, he argues he should not have received the disciplinary violation. The mere fact that he lost the fight does not mean that he was not fighting, however. A disciplinary hearing officer's decision "need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016) (citations omitted). The "some evidence" standard is much more lenient than "beyond a reasonable

5

doubt" or "by a preponderance of the evidence." *See Moffat*, 288 F.3d at 981; *McPherson*, 188 F.3d at 786. The only relevant question is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56.

Niccum was found guilty of committing "B-212 assault and battery," which prohibits "[c]ommitting a battery/assault upon another person without a weapon or inflicting bodily injury." *See* IDOC ADULT DISCIPLINARY PROCESS APP'X I: OFFENSES (2015), *available at* https://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The hearing officer found Niccum guilty based on the staff report, Niccum's statement, the medical report, and the confidential report. The staff report and the confidential report provide sufficient evidence that Niccum was involved in an altercation with another inmate who had "visible marks consistent with the assault." ECF No. 12-1. The photograph of the other individual involved in the altercation reveals bruising, abrasions, and bruising about his face and forehead. While it is possible that Niccum was acting in self-defense, he never claimed that was the case. Instead, Niccum first reported that nothing happened and that he fell, and then at the hearing, denied any recollection of the incident. The other individual, on the other hand, admitted that he was involved in an altercation with Niccum over a debt Niccum owed. While less than proof beyond a reasonable doubt, this is sufficient evidence to support the finding of guilt. It is more than merely "some evidence" of guilt. It thus follows that this claim also fails.

### IV. Motion for Ex Parte Restriction

Respondent has moved for *ex parte* restriction on medical records and the confidential report. ECF No. 11. Niccum has not responded to the motion. This motion will be granted and an ex parte restriction shall be maintained on the confidential report (ECF No. 12-1) and the medical records (ECF No. 12-2).

## V. Conclusion

**IT IS THEREFORE ORDERED** that Niccum's petition for writ of habeas corpus (ECF No. 2) is **DENIED**. Judgment consistent with this order shall now issue.

**IT IS ALSO ORDERED** that Respondent's motion for ex parte restriction (ECF No. 11) is **GRANTED**. An ex parte restriction shall be maintained on the confidential report (ECF No. 12-1) and the medical records (ECF No. 12-2).

Dated this   27th   day of November, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge[*]<br>
United States District Court - WIED

---

[*] Of the Eastern District of Wisconsin, sitting by designation.